**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Essentia Insurance Company, | No. CV-20-01758-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Juan Meza Uriostegui, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Allow Service by Alternative Means and to Extend Time for Service of Process (the "Motion"). (Doc. 9.) Plaintiff believes Defendants are evading service. (*Id.* at 2.) As a result, Plaintiff requests an additional 90 days to effectuate service of process on Defendants and further seeks alternative service as permitted under the Arizona Rules of Civil Procedure. (*Id.* at 1–2.)

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates three sufficient methods to serve most individuals:

> (1) delivering a copy of the summons and the pleading to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another manner." *Id.* 4.1(k)(1).

"There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly Rule 4.1(m)). In *Blair v. Burgener*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence" standard. *Id.* at 218 ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). Applying that standard, the court deemed personal service in that case to be impracticable because the plaintiff attempted service at the defendants' place of business and residence at various times on five different days and the process server visited the defendants' place of business on seven additional days but the defendants were not present. *Id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, 2013 WL 4804482, *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

Plaintiff is seeking this Court's permissions to serve Defendants by "certified mail and affixing a Summons and Complaint to the front door of Defendants' residence" or, alternatively, by publication. (Doc. 9 at 2.) Plaintiff argues service by an alternative method is necessary because "personal service upon Defendants has proven impracticable" and "it appears they are purposefully evading service." (*Id.*)

The Court finds that Plaintiff has made the requisite showing to justify alternative service. Plaintiff, in this case, is seeking declaratory relief against Defendants after they demanded coverage from Plaintiff following an automobile accident. (Doc. 9 at 2.) The Motion explains that based on a police report, correspondence authored by Defendants' former attorney, and Defendants' insurance application, Plaintiff believes that Defendants reside at an address specified in the Motion. (*Id.* at 1–2.) Plaintiff "employed . . . a private

process server," who unsuccessfully "attempted to effect service of process four times upon Defendants" at that residence. (*Id.* at 2.) Certificates of due diligence, attached to the Motion, indicate that service was attempted at various times of the day on four different days, that vehicles were present when service was attempted, and on one occasion, outside lights were on and vehicles were present but there was no answer at the residence. (*Id.*, Ex. 1.) Because the "impracticable" requirement of Rule 4.1(k) is satisfied, service by an alternative method is allowed.

In addition, Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effectuate service of process within 90 days after filing the complaint. But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). For the reasons discussed above, the Court finds good cause exists. But, because the Court is permitting service by an alternative method, Plaintiff's request for extension will only be granted to the extent of 45 days.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Allow Service by Alternative Means and to Extend Time for Service of Process (Doc. 9). Plaintiff's deadline to serve Defendants is extended to **January 22, 2021**. Plaintiff may serve Defendants, and each of them, by (1) Certified U.S. mail, and (2) affixing a copy of the Summons, Complaint, and this Order to Defendants' last-known residential address.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit upon completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 7th day of December, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge